IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA E. CRYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-949-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On August 13, 2012, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of the Commissioner of Social Security Administration ("defendant") denying plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Magistrate Judge recommended that the Commissioner's decision be affirmed. The parties were advised of their right to object to the Report and Recommendation by September 4, 2012. On September 4, 2012, plaintiff filed her objection.

I.    Standard of Review

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The

> agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence not substitute our discretion for that of the Commissioner.

*Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In determining that plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. She first found that plaintiff had not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 14). At step two, the administrative law judge found that plaintiff suffers from severe impairments: chronic obstructive pulmonary disease, carpal tunnel syndrom on the right, post release in 1991, depression, anxiety, and cannabis abuse. (Tr. 14). At step three, the administrative law judge found that while these impairments were severe, that plaintiff did not have an impairment or combination of impairments that met or medically equals one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Appendix 1. (Tr. 20). The administrative law judge next found that plaintiff had the residual functional capacity to perform light work. Specifically, the administrative law judge found that plaintiff had the capacity to lift, carry, push and/or pull up to 20 pounds occasionally and up to ten pounds frequently, sit for a total of six hours in an eight hour work day, and stand and/or walk for a total of 2 hours in the work day, walking at a casual, not a fast pace. (Tr. 22). The administrative law judge also found the plaintiff must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation and that plaintiff could infrequently climb stairs or ramps.

(Tr. 22). Additionally, the administrative law judge found that plaintiff has a moderate limitation in her ability to understand, remember, and carry out detailed instructions, and interact appropriately with the public. (Tr. 22). Based on her residual functional capacity assessment, the administrative law judge found at step four of the sequential evaluation process that plaintiff was able to perform her past relevant work as fast food cook, a medium position with a specific vocational preparation code of 5, and as an office clerk, a sedentary, semi skilled position with a specific vocational preparation code of 3. (Tr. 27). Finally, at step five of the sequential process the administrative law judge concluded that considering plaintiff's age, education, experience, residual functional capacity, and the testimony of the vocational expert, plaintiff would also be able to perform the requirements of other occupations existing in the national economy such as an envelope addressor and a paper weight tester, both sedentary, unskilled positions with the specific vocational preparation code of 2. (Tr. 28).

## II.   Discussion

Plaintiff raises four issues for judicial review. She first claims the administrative law judge failed to properly weigh the medical opinions. Second, plaintiff alleges the administrative law judge failed to properly assess plaintiff's residual functional capacity. Third, plaintiff alleges the administrative law judge's finding that she could perform her past work and other work was erroneous. Finally, plaintiff contends the administrative law judge improperly evaluated her credibility.

In her objection plaintiff first contends the administrative law judge failed to give controlling weight to the medical opinions of her treating physician, Dr. Robert Jones. Plaintiff contends it was error for the administrative law judge to reject Dr. Jones' medical diagnoses of peripheral

neuropathy versus osteoarthritis, bilateral carpal tunnel syndrome, severe COPD and chronic back pain based on the administrative law judge's speculation that Dr. Jones' opinions were based heavily on plaintiff's subjective assertions as opposed to objective medical evidence. Specifically, plaintiff contends it was error for the administrative law judge to discredit Dr. Jones' October 28, 2009 medical finding that as a result of her impairments, plaintiff can only walk one city block without rest, sit continuously for two hours and stand for thirty minutes. (Tr. 351-354). Plaintiff also contends it was error for the administrative law judge to discredit Dr. Jones' medical opinions based on the alleged failure of Dr. Jones to explain the bases for his medical opinions and limitations leaving unanswered questions in the mind of the administrative law judge. Finally, plaintiff contends because the administrative law judge found the opinions of the state consulting physicians in conflict with Dr. Jones' opinions as plaintiff's treating physician, the administrative law judge had an obligation under 20 C.F.R. § 404.1512(e)(1) to obtain additional information from Dr. Jones before rejecting his medical opinion.

Defendant argues the administrative law judge gave the correct weight to Dr. Jones' opinions. Specifically, defendant contends the administrative law judge considered the correct factors when she decided to give only a moderate amount of weight rather than controlling weight to the medical opinions of Dr. Jones relying more on the opinions of the state consultants. Defendant contends the administrative law judge was correct because Dr. Jones failed to explain why he believed plaintiff would have difficulty working a full time job or why she could only sit for four hours a day. Defendant also contends the administrative law judge correctly discredited plaintiff's complaints because she had never reported these limitations until her denial of benefits. The defendant contends the administrative law judge was also correct to discount Dr. Jones'

opinions because of the perceived inconsistency in Dr. Jones' statement that plaintiff would need to shift positions and her ability to sit for two hours at a time. (Tr. 25). Finally, defendant contends the administrative law judge was correct to not give Dr. Jones' opinion weight because there were no objective radiological studies in his records to support his findings. (Tr. 25).

Defendant also contends the administrative law judge was correct to rely on the opinions of state medical consultants Drs. Sharad S. Swami and Kenneth Wainner. Defendant contends more persuasive than Dr. Jones' medical opinions is an April 2, 2008 pulmonary function examination of plaintiff by Dr. Swami where he notes she has a normal range of motion, normal hands, wrists, and lumbosacral spine. (Tr. 368-376). Dr. Swami's assessment also included a diagnosis of COPD, malnutrition, shortness of breath, fatigue, malaise and osteoporosis. Finally, Dr. Swami notes in his report that at age 47 plaintiff had a lung age of 90 years. Defendant also notes as persuasive an April 15, 2008 assessment of plaintiff by Dr. Kenneth Wainner, a state medical consultant who never actually examined plaintiff but rather repeats the opinions of Dr. Swami as the bases for his finding that plaintiff could stand or walk continuously with normal breaks for six hours in an eight hour work day and sit for six hours. (Tr. 207-214). Dr. Wainner, reviewing the same pulmonary studies as Dr. Swami and Dr. Jones, also notes in his physical residual functional capacity assessment that plaintiff suffers from mild obstructive lung disease.

The Social Security Administration's regulations provide administrative law judges with specific guidance concerning how medical opinions must be weighed and how a decision should show that the administrative law judge undertook the requisite analysis when assigning weight to medical opinions. In deciding how much weight to give the opinion of a treating physician, an administrative law judge must first determine whether the opinion is entitled to "controlling weight."

*Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted). An administrative law judge must give a treating physician's opinion controlling weight if it is both (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) consistent with other substantial evidence in the record. *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 10 C.F.R. § 404.1527 and 416.927.[1]" *Id.*

Additionally, 20 C.F.R. § 404.151(e)(1) provides:

> We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F. R. §404.151(e)(1).

Having carefully reviewed the administrative law judge's decision, the Court finds that the administrative law judge's credibility determination as to Dr. Jones is deficient. Specifically, the Court finds that while Dr. Jones did not perform a full pulmonary function study due to plaintiff's lack of insurance he did have access to and reviewed the pulmonary function studies performed by the state's consulting physicians prior to rendering his opinion. (Tr. 265-285). Additionally, the Court finds that during the three years Dr. Jones treated plaintiff, and before, plaintiff's records reflect several complaints and treatment for chronic back pain. The Court also finds that because

---

[1]Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

the administrative law judge found plaintiff's treating physician's medical assessment to be in conflict with the state consultants' findings, specifically, how long plaintiff can continuously sit, stand or walk in an eight hour work day, the administrative law judge should have sought additional evidence from Dr. Jones in an attempt to clarify any ambiguity or conflict before discrediting his medical opinions.  *See* 20 C.F. R. §404.151(e)(1).

Plaintiff also contends the administrative law judge erred in its evaluation of plaintiff's treating psychiatrist, Dr. G. Michael Strickland's November 2009 Mental Medical Source Statement. Plaintiff contends it was error for the administrative law judge, recognizing Dr. Strickland as plaintiff's treating psychiatrist, to give little weight to his opinions as to plaintiff's mental status. As previously noted plaintiff again asserts an administrative law judge is allowed to reject a treating physician's medical report outright only on the basis of contradictory medical evidence and not due to his own credibility judgments, speculation or lay opinion. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). Specifically, plaintiff contends the administrative law judge erred when she choose to disregard Dr. Strickland's diagnoses of generalized anxiety disorder or depression, noting several marked restrictions caused by plaintiff's mental impairments.  The administrative law judge based her opinion on Dr. Strickland's seeing plaintiff only six times over a 13 month period, her lack of hospitalization and psychotherapy, specific notations made during plaintiff's medication management sessions, and the number of times he listed plaintiff's specific diagnoses.  (Tr. 26-27).

Plaintiff contends it was error for the administrative law judge to specifically rely on the less restrictive assessments of the state's consultants, Dr. Robert Danaher, a clinical psychologist, and Cynthia Kampschaefer, a state consultant. Specifically, plaintiff contends it was error for the administrative law judge to rely on the June 9, 2008 mental status examination performed by Dr.

Danaher where he diagnosed plaintiff with recurrent moderate to severe panic disorder, agoraphobia and major depressive disorder. (Tr. 239-246). Dr. Danaher also opined that plaintiff's mental condition was not expected to change or improve significantly over the next 12 months. Plaintiff contends the administrative law judge also appears to rely on the less restrictive mental assessment completed by Cynthia Kampschaefer, a state consultant, that found plaintiff suffered from several medically determinable impairments to include depression and nicotine dependence, mood disturbance accompanied by full or partial manic or depressive syndrome as well as anxiety related disorders. (Tr. 215-228, 247-264).

Defendant contends the administrative law judge correctly gave Dr. Strickland's November 2009 Mental Medical Source Statement little weight. Specifically, defendant contends the administrative law judge was justified in finding that Dr. Strickland's opinions were not entitled to controlling weight because he only saw plaintiff six times in 13 months and did not hospitalize her or prescribe psychotherapy. Defendant also contends the administrative law judge was correct in discrediting Dr. Strickland's mental assessment of plaintiff considering the contrast between Dr. Strickland's within normal limits notations made during three medication assessment sessions and his ultimate finding that plaintiff was severely affected in her ability to perform basic work functions in seven areas, and extremely affected in one other area. (Tr. 362-365).

Upon review of plaintiff's medical files from the Jim Taliaferro Community Mental Health Center, the Court does find that during plaintiff's medication assessment sessions circles were drawn around the letters "WNL" on three separate assessment forms. (Tr. 320, 323 & 324). However, also included in the numerous medical files submitted were Dr. Strickland's hand written diagnoses of several specific ailments including depression, panic attacks, mood disorder, cannabis abuse, COPD,

chronic pain and carpal tunnel syndrome. (Tr. 320-350). Additionally, Dr. Strickland notes several increases of plaintiff's Zoloft and other anti-depressant medications during his treatment of her in an attempt to better control her moods.

Having carefully reviewed the administrative law judge's decision, the Court finds that the administrative law judge's credibility determination as to Dr. Strickland's medical opinions is also deficient. Specifically, the Court finds Dr. Strickland's diagnoses of a combination of generalized anxiety and depression, mood disorder, suicidal thoughts and THC abuse are supported by acceptable diagnostic techniques and are consistent with other substantial evidence in the record. (Tr. 362 -365).

Beginning in January 2008 plaintiff was treated for depression and chronic anxiety by Dr. Jones. (Tr. 198 - 206). On April 23, 2008, the first of three psychiatric evaluations of plaintiff were completed by state consultant Cynthia Kampschaefer noting plaintiff has a medically determinable impairment, depression. (Tr. 215 - 228). On May 31, 2008, Clinical Psychologist Dr. Robert Danaher performed a mental status examination of plaintiff diagnosing panic disorder with agoraphobia, major depressive disorder of moderate severity. (Tr. 311- 316). On August 20, 2008, plaintiff presented for intake for treatment for depression and panic attacks at the Jim Taliaferro Community Mental Health Center where Dr. Strickland was a member of her treatment team. (Tr. 320-350) On September 22, 2008, plaintiff was examined by Dr. Strickland and his progress notes reflect diagnoses of depression, panic attacks, mood disorder and cannabis abuse. On December 9, 2008, March 3, 2009 and May 26, 2009, plaintiff saw Dr. Strickland for medication management where "WNL" was circled. (Tr. 320, 323 & 324). Plaintiff was seen again on August 17, 2009 and was diagnosed with depression. (Tr. 357-361). On November 9, 2009, after treating plaintiff for

approximately fourteen months, Dr. Strickland submitted his diagnostic conclusions noting plaintiff suffers from a combination of anxiety and depression, primarily a mood disorder, changes in appetite, sleep and energy with period of suicidal thoughts. (Tr. 362-365). As part of Dr. Strickland's mental assessment of plaintiff, Dr. Strickland diagnoses plaintiff with depression and generalized anxiety plus some panic like symptoms and THC abuse. (Tr. 362-365).

While Dr. Strickland categorizes plaintiff's mental condition more severe than the state medical consultants, his opinions are not inconsistent with the opinions of the state agency consultants' diagnoses of recurrent moderate to severe panic disorder, agoraphobia and major depressive disorder. (Tr. 239-246). Because Dr. Strickland's opinions are well-supported by medically acceptable clinical and diagnostic techniques and are not inconsistent with the other substantial evidence in plaintiff's medical records, his opinion qualifies for controlling weight. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Plaintiff asserts that the Magistrate Judge erred in affirming the administrative law judge's assessment of plaintiff's residual functional capacity. Specifically, plaintiff contends because the administrative law judge found plaintiff's right carpal tunnel syndrome to be a severe impairment at step two (Tr. 14), the administrative law judge's failure to include in her assessment at steps four and five any manipulative limitations plaintiff had in the use of her dominate right hand and fingers necessitates reversal and remand for further proceedings per Social Security Ruling 96-8p. Plaintiff contends it was error for the administrative law judge to fail to incorporate limitations addressing this definitive limitation set forth in plaintiff's physicians' medical opinions without explaining the weight given to the opinion and the basis for apparently rejecting these portions of them. *See Watkins*, 350 F.3d at 1300-1301; *see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir.).

Plaintiff also argues the administrative law judge in her assessment failed to identify the duties of plaintiff's past relevant work at step four prohibiting the necessary comparison of plaintiff's job duties with her assessed residual functional capacity limitations.

Defendant contends the administrative law judge correctly supported her finding that plaintiff has the residual functional capacity to do light work, including the ability to use her hands. Defendant contends the administrative law judge's finding that plaintiff had a severe impairment of carpal tunnel syndrome on the right, post release in 1991 at step two could be interpreted to mean plaintiff did not have a severe impairment after surgery. Defendant also contends it was harmless error for the administrative law judge to find that plaintiff had severe carpal tunnel syndrome.

In determining that one of plaintiff's severe impairments was carpal tunnel syndrome on the right, post release in 1991, the administrative law judge discussed many of the medical records contained in plaintiff's medical file. (Tr. 15-22). The administrative law judge then found that plaintiff retained the residual functional capacity to lift and/or carry and push and/or pull up to 20 pounds occasionally, and ten pounds frequently; sit for a total of six hours in an eight hour work day; stand and/or walk for a period of two hours in a work day, walking at a casual, but not a fast pace; avoiding even moderate exposure to fumes, odors, dusts, gases, and poor ventilation and that she could infrequently climb stairs or ramps. (Tr. 22). The administrative judge also found that plaintiff has a moderate limitation in her ability to understand, remember, and carry out detailed instructions, and has a moderate limitation in her ability to interact appropriately with the general public.

The Court finds the administrative law judge did not adequately weigh the medical opinions of plaintiff's treating physicians in her assessment of plaintiff's residual functional capacity. For example, Dr. Jones opined that plaintiff suffers from bilateral carpal tunnel syndrom, chronic low

back pain and severe pulmonary emphysema. (Tr. 355). Dr. Jones determined plaintiff often experiences pain and other symptoms severe enough to interfere with her attention and concentration. Dr. Jones also determined that if placed in a competitive work situation plaintiff could walk only one city block before resting, sit for four hours and stand or walk two hours in an eight hour work day. (Tr. 352). Here the administrative law judge's residual functional capacity assessment implicitly rejects, or at least unfavorably weights Dr. Jones' findings, including bilateral carpal tunnel syndrome and low back pain. (Tr. 355-354). It was error for the administrative law judge to fail to incorporate the definitive severe limitation of carpal tunnel syndrome and chronic low back pain set forth in plaintiff's treating physicians' medical opinions especially, considering the administrative law judge herself listed plaintiff as suffering from severe carpal tunnel syndrome on the right, post release in 1991, at stage two. (Tr. 14). *See Watkins,* 350 F.3d at 1300-1301. In finding that plaintiff's carpal tunnel syndrome was severe, the administrative law judge, by definition, also concluded it affected plaintiff's ability to perform work-related activities. *See* 20 C.F.R. § 404.1521(a). Yet the administrative law judge did not incorporate any limitations stemming from this impairment into the residual functional capacity finding. (Tr. 22). This failure also necessitates remand for further proceedings because "[i]t is beyond dispute that any [administrative law judge] is required to consider all of the claimant's medically determinable impairments, singly and in combination." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

Finally, plaintiff asserts that the administrative law judge failed to properly evaluate plaintiff's credibility. Plaintiff contends the administrative law judge relied on speculation and evidence taken out of context in assessing the credibility of plaintiff's statements about her symptoms and their effect. Specifically, the administrative law judge found plaintiff's statements

concerning the intensity, persistence and limiting effects of her symptoms inconsistent with the administrative law judge's residual functional capacity assessment. "It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004). However, the credibility determination "does not require a formalistic factor-by factor recitation of the evidence." *White v. Barnhardt*, 287 F.3d 903, 909 (10th Cir. 2002) (internal quotations omitted). An administrative law judge need only set forth "the specific evidence he relies on in evaluating the claimant's credibility." *Id.* The Court finds that while plaintiff's subjective comments do coincide with the diagnoses of her treating physicians, some of which coming after the initial denial of her claim, this reason alone is an insufficient bases to totally discredit plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms.

Having carefully reviewed the administrative law judge's decision, the Court finds that the administrative law judge failure to follow correct legal standards in evaluating the medical evidence requires that the Commissioner's decision be reversed and the matter remanded.

Accordingly, upon *de novo* review, and for the reasons set forth above, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation issued by the Magistrate Judge on August 13, 2012;

(2)    REVERSES the decision of the Commissioner;

(3)    REMANDS for further administrative proceedings consistent with this Order; and

(4)    ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 14th day of November, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE